STRINGER ET AL. v. K., MT. P. & N. R. CO. ET AL.

1. **Railroads:** RIGHT OF WAY DEED: CONDITIONS SUBSEQUENT. A conveyance of right of way to a railroad company will not be set aside in equity, merely because the grantee has failed to perform conditions subsequent contained in the deed.

2. **Contract:** RESCISSION OF: EQUITY. Equity will not decree the rescission of a contract at the suit of one party thereto on the ground that the other has failed to fulfill his part of the engagement, if the defaulting party cannot be pleaded *in statu quo,* and injury would result to him from the rescission. In such cases, parties must resort to the courts of law, and seek the damages to which they are entitled by reason of the breach of the contract.

*Appeal from Henry Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION in chancery to rescind and set aside a conveyance to defendant, granting the right of way for its railroad upon land of plaintiffs. Upon a demurrer, plaintiffs' petition was dismissed; they now appeal.

*Clay B. Whitford,* for appellants.

*Woolson & Babb,* for appellees.

BECK, J—I. The petition shows that plaintiffs executed to the Keokuk, Mt. Pleasant and Northern Railroad Company, a conveyance for the right of way in the following words:

"In consideration of the building of said road I hereby grant to the Keokuk, Mt. Pleasant and Northern Railroad Company the right of way one hundred feet wide through the northwest quarter of the southeast quarter of section 23,

township 71, range 7, in Henry county, Iowa, on the line as now surveyed, on the condition that said road is built from Keokuk to Mt. Pleasant within two years from date, and if said road is not built within two years, or if the land ever ceases to be used for railroad purposes then in either of such events it to come back to me.

"It is further provided that the railroad shall build and keep up, so long as the same is used for railroad purposes, a good hog tight fence on both sides of said right of way, the fence on the northwest side of said right of way to be built before grading is done, so as to protect my crop, and the fence on the other side by April 1, 1881, the railroad company to put in a crossing at such place as Stringer may desire, if he wants one."

Plaintiffs further allege that defendant entered upon the premises described in this instrument, and constructed the grade and completed its railroad, and has failed to erect the fences which, by the terms of the deed, it became bound to build. They pray that the deed be rescinded to the end that they "can have the right of way assessed and obtain compensation therefor, as provided by law."

A demurrer to the petition on the ground that, upon the facts herein alleged, plaintiffs are entitled to no relief in chancery, was sustained. Plaintiffs electing to stand on their petition, it was dismissed.

II. The decision of the Circuit Court was, we think, correct. By the terms of the deed the defendant's covenants to build the fences are not conditions precedent. The consideration of the deed expressed therein, is the building of the railroad. The conveyance is absolute and the covenants of defendant are independent agreements.

One of the fences provided for in the instrument, defendant became bound to build "before grading is done." The defendant was not required to build this fence before entering upon the land, or before the work of grading was commenced; it was bound to build the fence before the grading

was completed. It clearly appears that defendant's covenant was not to be performed before the title to the lands vested in defendant, and before it was appropriated and used for the purpose specified in the deed. Under the most familiar rules of the law, this obligation of defendant cannot be regarded as a condition precedent.

III. Equity will not decree the rescission of a contract at the suit of one party thereto, on the ground that the other has failed to fulfill his part of the engagement, if the defaulting party cannot be placed in *statu quo* and injury would result to him from the rescission. In such cases parties must resort to the courts of law and seek the damages to which they are entitled by reason of the breach of the contract.

The rules we have announced are not disputed in this case; authorities need not be cited in their support. We think they are applicable to the facts presented by the record before us, and, therefore, conclude that the decree of the Circuit Court ought to be

AFFIRMED.